UNITED STATES of America,
Plaintiff–Appellee,

v.

Indalecio MARIN, aka Mario, aka Juan Valdez, aka Juvan Valdez, aka Jimmie, aka Octavio Cerquera–Garcia, aka Dorantino Alvarex–Parra, Defendant–Appellant.

United States of America,
Plaintiff–Appellee,

v.

Suzana Cruz, Defendant–Appellant.

No. 99–30320, 00–30076.
D.C. CR–98–00133–JKS.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted April 2, 2001.

Decided May 7, 2001.

Before THOMPSON, TROTT, and PAEZ, Circuit Judges.

### MEMORANDUM *

Indalecio Marin, who used several aliases, including "Juan Valdez," was convicted of 12 counts relating to cocaine distribution and possession. Suzana Cruz was convicted of 9 counts relating to cocaine distribution and possession, including one count of conspiracy in relation to cocaine trafficking.

Marin appeals his convictions. Cruz appeals the district court's denial of her motion for acquittal, and her sentence. We have jurisdiction pursuant to 28 U.S.C. § 1291 (1994), and we affirm in both cases.

### MARIN

■ Marin contends that the district court erred by permitting a verdict to be rendered by eleven jurors. He concedes that there was just cause to excuse the twelfth juror but argues that the district court abused its discretion under Federal Rule of Criminal Procedure 23(b) by permitting the remaining eleven jurors to continue deliberations and return a verdict. This argument is unpersuasive. His trial involved multiple defendants and multiple

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

counts of criminal conduct involving an extensive cocaine distribution conspiracy. Sixteen government witnesses testified. At the conclusion of the eight-day trial, the alternate jurors were excused and the jury retired to deliberate. Before beginning the third day of deliberations, a juror was excused because she was hospitalized for the birth of her child. The district court found that she would be unable to return for "several days." In these circumstances, the district court did not abuse its discretion by permitting the eleven remaining jurors to continue deliberations and render a verdict. *See United States v. Egbuniwe*, 969 F.2d 757, 763 (9th Cir.1992) (proceeding with eleven jurors after one day of deliberations in case involving nine-day trial, including 25 witnesses); *United States v. Armijo*, 834 F.2d 132, 135 (8th Cir.1987) (five-day trial; discharged juror was in a car accident and would be absent for four to five days) (cited in *United States v. Dischner*, 974 F.2d 1502, 1513 (9th Cir.1992), *overruled on other grounds by United States v. Morales*, 108 F.3d 1031, 1035 n. 1 (9th Cir.1997)); *see also United States v. McFarland*, 34 F.3d 1508, 1515 (9th Cir.1994) (finding the district court's substitution of an alternate juror for a deliberating juror in a three-day trial was harmless because the court could have permitted the jury to continue deliberating with only eleven members); *cf. United States v. Tabacca*, 924 F.2d 906, 915 (9th Cir.1991) (finding an abuse of discretion when the trial lasted 2½ days and the missing juror was "certain to be available the next day").

## CRUZ

■ Cruz contends the district court erred in denying her motion for judgment of acquittal. *See* Fed.R.Crim.P. 29. She challenges the credibility of the government's two principal witnesses—Carlos Astudillo, who was a paid government informant, and Manuel Rivera, who received a reduction in his sentence in return for his testimony.

Crediting the testimony of Astudillo and Rivera as we must, *see United States v. Hubbard*, 96 F.3d 1223, 1226 (9th Cir. 1996), and viewing the evidence in the light most favorable to the government, we conclude a rational jury could have found, beyond a reasonable doubt, all the elements of the crimes for which Cruz was convicted. The evidence established that Cruz participated in the charged conspiracy. The evidence also established her direct involvement in two counts of possession with intent to distribute cocaine, and her vicarious criminal responsibility under *Pinkerton v. United States*, 328 U.S. 640, 66 S.Ct. 1180, 90 L.Ed. 1489 (1946), for the third count. The evidence further established Cruz was responsible directly and vicariously for maintaining premises in different cities to accept deliveries of money and cocaine from coconspirators, and controlling and making certain premises available for the storage and distribution of cocaine. Astudillo's testimony also established that Cruz assisted coconspirators with their travel between California and Alaska to promote illegal cocaine trafficking. The evidence further established that all of the acts of Cruz's coconspirators upon which her *Pinkerton* criminal responsibility was predicated were committed during and in furtherance of the conspiracy in which she was a participant, and all of those acts were reasonably foreseeable by her. The district court did not err in denying Cruz's motion for acquittal.

■ Cruz also challenges her sentence. She contends the district court erred in finding her relevant conduct, pursuant to United States Sentencing Guidelines Manual § 1B1.3(a)(1), to include responsibility for 60 kilograms of cocaine. The court based this finding on Rivera's trial testimony, and his statement to investigators that, during the conspiracy, he made two

trips per week for approximately fourteen weeks with two kilograms per trip. The court's finding was also based on the evidence at trial that established Cruz's guilt for possession with intent to distribute four kilograms of cocaine. We conclude the district court did not clearly err in finding Cruz to be responsible for at least 50, but less than 150, kilograms of cocaine. *See* U.S.S.G. § 2D1.1(c)(2).

Finally, Cruz argues the district court erred by finding her to be a minor, rather than minimal participant. "[A] minor participant means any participant who is less culpable than most other participants, but whose role could not be described as minimal." U.S.S.G. § 3B1.2, cmt., n. 3. The evidence at trial established that Cruz repeatedly acted in furtherance of the conspiracy. She was not a minimal participant.

AFFIRMED.

