**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Robert HERMANEK, Defendant– Appellant.**

**United States of America, Plaintiff–Appellee,**

v.

**Robert Rutherford, Defendant– Appellant.**

**United States of America, Plaintiff– Appellee–Cross–Appellant,**

v.

**Anthony Flowers, Defendant– Appellant–Cross– Appellee.**

**United States of America, Plaintiff–Appellee,**

v.

**Sheldon Johnson, Defendant–Appellant.**

**United States of America, Plaintiff–Appellee,**

**v.**

**Jerry Fiorillo, Defendant–Appellant.**

No. 99–10092, 99–10137, 99–10142, 99–10197, 99–10143, 99–10146.
D.C. No. CR–94–00427–JLQ.
D.C. No. CR–94–00427–8–JLQ.
D.C. No. CR–94–00427–12–JLQ.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Sept. 10, 2001.

Decided May 15, 2002.

See also 2002 WL 987543.

Before POLITZ,* W. FLETCHER and FISHER, Circuit Judges.

## MEMORANDUM **

Appellants appeal their convictions and sentences after their joint trial for cocaine trafficking, cocaine possession and related crimes.[1] Because the parties are familiar with the facts, we recite only those facts necessary to explain our disposition.

### Ex Parte Hearing

Appellants contend a pretrial, ex parte hearing held between the government and the district court regarding Rutherford's motions to substitute counsel and for severance violated Rutherford's right to counsel, all appellants' right to be present at trial and all appellants' right to appeal. We assume that the hearing took place, although no transcript exists.

### *Right to Counsel and Right to Be Present*

Assuming that the ex parte hearing was a critical stage of the proceedings, we conclude that any deprivation of appellants' Fifth and Sixth Amendment rights was harmless beyond a reasonable doubt. Rutherford made several motions and requests relating to substitution of counsel and severance before, during and after the trial and several hearings were conducted to consider those requests. The district court denied Rutherford's motion for sev-

---

* The Honorable Henry A. Politz, Senior Circuit Judge, United States Court of Appeals for the Fifth Circuit, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this Circuit except as may be provided by Ninth Circuit Rule 36–3.

1. Some of the issues raised by these consolidated appeals are addressed in a separate, concurrently filed published opinion.

erance subsequent to and without relying on the contents of the ex parte hearing. Acting without knowledge of what transpired at the ex parte hearing involving a different judge, the district court independently determined severance of Rutherford was not required. We find no reversible error.

### Right to Appeal

We will not reverse unless the appeal has been prejudiced by the deficiency in the district court record. *United States v. Carrillo,* 902 F.2d 1405, 1409–10 (9th Cir. 1990). Here, the record is replete with arguments by the parties and conclusions by the court respecting Rutherford's motions to dismiss counsel and for severance. This record has provided us with sufficient information to evaluate whether denial of severance and substitution of counsel were in error. Appellants' contention that the government admitted charging Rutherford in bad faith at the hearing is not credible in light of the overall record and defies commonsense: the government could not have known at the time of the hearing that the record would be lost; nor could the government have expected the district court to ignore an overt admission of bad faith on the part of the government. The absence of the record of the ex parte proceeding does not prevent us from conducting the harmless error analysis with respect to the right to counsel and right to be present contentions discussed above. *See Rushen v. Spain,* 464 U.S. 114, 117–19, 104 S.Ct. 453, 78 L.Ed.2d 267 (1983). We are not persuaded that reversible error resulted as a consequence of the ex parte hearing or the absence of a record of the hearing.

### Misjoinder and Severance
### *Misjoinder Under Rule 8(b)*

■ Rutherford and Johnson were not joined with the other defendants in bad faith. The prosecution reasonably believed that it could prove Rutherford's and Johnson's participation in the single Flowers conspiracy because they agreed to effectuate that conspiracy's central criminal design: the distribution of cocaine in the Oakland area. *United States v. Thomas,* 586 F.2d 123, 132 (9th Cir.1978). The government reasonably could have expected the evidence to show that Rutherford and Johnson knew this was in fact the purpose of the conspiracy, that the others were involved and that their own benefits from their dealings with others were dependent upon the success of the entire venture. *Id.*

### *Severance Under Rule 14*

■ The cocaine associated with Rutherford would have been admissible at a separate trial of the other appellants to demonstrate that appellants' phone conversations concerned cocaine transactions. Similarly, the evidence of Flowers' conspiracy would have been admissible against Rutherford and Johnson to prove they possessed cocaine. Thus, no serious compartmentalization issue arose. Moreover, the district court instructed the jury not to consider any physical evidence not possessed by Rutherford in determining Rutherford's guilt and specifically instructed the jury to keep in mind that Rutherford was not charged with any conspiracy. The district court also instructed the jury not to be overly or unduly influenced by the cocaine associated with Rutherford in assessing the conspiracy charges against the other appellants due to the "substantial time" between the alleged conspiratorial acts and the seizure of the cocaine. Where, as here, the bulk of the evidence would have been admissible in separate trials, it was not an abuse of discretion to refuse to sever appellants. For the same reason, the district court also did not

abuse its discretion by denying motions for a new trial under Rules 8(b) and 14.

## Expert Testimony
### *Rule 703*

■ We need not reach the question of whether hearsay was properly admitted here. The out-of-court statements in question were not offered for the truth of the matter asserted, but for the purpose of evaluating Broderick's expertise. Therefore, they were not hearsay. *See* Fed.R.Evid. 801(c). Even if these statements were hearsay, any error would be harmless. Personal observation of, and conversations with, law enforcement agents, informants and criminals, in addition to formal training, ordinarily form the basis of a law enforcement officer's testimony. *Cf. United States v. Golden,* 532 F.2d 1244 (9th Cir.1976). The district court also did not err under Rule 703 by permitting Broderick to testify that his opinions relied on "evidence seized" in the case. Broderick did not introduce inadmissible evidence; at most, he vaguely alluded to such evidence.

### *Sixth Amendment Right to Confrontation*

■ For the reasons stated above, Broderick's testimony about what he was told by Willie Young and others was not hearsay and, therefore, did not violate appellants' rights under the Sixth Amendment Confrontation Clause.

### Fiorillo's Suppression Claim

■ We need not determine whether the Cranford residence warrant was supported by probable cause because we conclude that the good faith exception applies. We will find good faith reliance unless the warrant is "based on an affidavit that is so lacking in indicia of probable cause that official belief in its existence is entirely unreasonable." *United States v. Fowlie,*

24 F.3d 1059, 1067 (9th Cir.1994). As the affidavit here indicated, the government had strong information linking Fiorillo to the Flowers drug conspiracy; had seen a "sold" sign at Fiorillo's old residence; had witnessed Fiorillo's car at the Cranford Circle address the next day; had linked some phone calls to that residence; and had some information indicating that Fiorillo and Teixeira, the owner of the home, were married. This case is distinguishable from *United States v. Hove,* 848 F.2d 137, 139–40 (9th Cir.1988), where we refused to apply the good faith exception because the affidavit failed to link the residence to the defendant and failed to explain why police believed there might be incriminating evidence at the location. We affirm denial of the motion to suppress.

### Rutherford's Claim of Denial of the Right to Counsel

■ The district court conducted three extensive hearings in connection with Rutherford's requests and provided Rutherford with ample opportunity to fully articulate his concerns. Rutherford's last request—at which point the conflict was greatest—was made shortly before trial. *See United States v. Williams,* 594 F.2d 1258, 1260–61 (9th Cir.1979). Finally, the district court fully inquired into the extent of the conflict and determined that Rutherford's differences with his counsel were not irreconcilable. Although the relationship between attorney and client had clearly become trying and difficult, "the claimed conflict with counsel was not so severe that it prevented all communication and thereby the ability to conduct a defense." *United States v. Castro,* 972 F.2d 1107, 1110 (9th Cir.1992). Accordingly, there was no abuse of discretion.

### Rutherford's Suppression Claim

■ In determining whether the warrant for the search of Rutherford's girl-

friend's apartment was supported by probable cause, "[w]e require only a reasonable nexus between the activities supporting probable cause and the locations to be searched." *United States v. Ocampo*, 937 F.2d 485, 490 (9th Cir.991). A sufficient nexus was established here. The search warrant affidavit established that Rutherford was a purchaser of large quantities of cocaine from Flowers and that he spent time, conducted cocaine business from and possibly resided at his girlfriend's apartment. Further, the information in the search warrant was not stale. The government presented information indicating that Rutherford was not a one time drug trafficker, but a regular and significant customer of Flowers. This information, together with evidence of recent phone calls from Flowers to the apartment, established probable cause to find cocaine and other incriminating evidence there. The warrant was therefore valid.

■ The district court did not clearly err in concluding that the agents who executed the warrant complied with the knock-notice rule, 18 U.S.C. § 3109. The district court conducted several hearings on this issue, heard relevant testimony of the agents and of Rutherford's girlfriend and determined the agents credibly testified that the knock-notice rule was complied with. No argument raised on appeal casts doubt on the district court's factual determinations. We therefore affirm.

### Rutherford's Sufficiency of the Evidence Claim

■ There was sufficient evidence supporting Rutherford's conviction under 21 U.S.C. § 841 for possession with intent to distribute the cocaine seized at his girlfriend's apartment: (1) cocaine was found in the apartment of his girlfriend; (2) Rutherford also was found there; (3) also found in the apartment were a drug scale

containing cocaine residue and Rutherford's fingerprint, cocaine-encrusted cooking utensils containing Rutherford's fingerprint, almost $2,000 in cash, a handgun and a ledger in Rutherford's handwriting detailing sales of cocaine; (4) numerous intercepted phone calls indicated Rutherford was a kilogram-level customer of Flowers; and (5) phone and pager communications indicated Rutherford used the apartment to conduct cocaine business.

### Rutherford's Sentencing Based on Cocaine Base

■ The district court did not commit clear error in finding Rutherford possessed the 112 grams of cocaine base seized at his girlfriend's apartment. Rutherford's presence at the apartment where the base was found and his fingerprint on the beaker and the cocaine scale are consistent with Rutherford's possession of this substance.

### Rutherford's Downward Sentencing Adjustment

We must reject Rutherford's argument that the district court erred by granting only a three-level downward sentencing departure. "The extent to which a district court chooses to exercise its discretion to depart downward in sentencing is not reviewable on appeal." *United States v. Eureka Labs., Inc.*, 103 F.3d 908, 911–12 (9th Cir.1996).

### Johnson's Sufficiency of the Evidence Claim

■ There was sufficient evidence supporting Johnson's conviction for possession of cocaine with intent to distribute. During several wiretapped phone conversations, Flowers and Johnson discussed at length Johnson's concerns about the quality of the cocaine he purchased from Flowers on June 2, 1994, and the problems

Johnson and his partner were having converting the purchased contraband into crack cocaine. *Opper v. United States,* 348 U.S. 84, 89–91, 75 S.Ct. 158, 99 L.Ed. 101 (1954), and *United States v. Lopez–Alvarez,* 970 F.2d 583, 589–92 (9th Cir.1992), stand for the proposition that a defendant may not be convicted based solely on his confession or admission without some corroborating evidence. We have applied that corroboration requirement only (1) to admissions made after the fact and (2) to admissions made to a person endowed with investigatory authority. Johnson's case does not fall within those limits. Johnson cites to no authority extending *Opper* and its progeny to his situation. We accordingly affirm.

### *Apprendi* Issues

Flowers, Fiorillo and Hermanek challenge their sentences under *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), because the drug quantity associated with their offenses was not submitted to the jury and found beyond a reasonable doubt.[2] Rather, the district court—employing the clear and convincing standard—determined that the conspiracy was responsible for 58 kilograms of cocaine and sentenced appellants accordingly. Appellants did not object below to the district court's determination of drug quantity or to the court's failure to use the beyond-a-reasonable-doubt standard. Accordingly, we review appellants' challenges for plain error.[3] *See United*

States v. Buckland, 277 F.3d 1173, 1178 (9th Cir.2002) (en banc).

Under plain error review, a defendant must establish an error that was plain and that affected his substantial rights. *Id.* (citing *Johnson v. United States,* 520 U.S. 461, 467, 117 S.Ct. 1544, 137 L.Ed.2d 718 (1997)). If the defendant makes this showing, we may exercise our discretion to correct the error only if we conclude that it "seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id.* (quoting *Johnson,* 520 U.S. at 467, 117 S.Ct. 1544 (in turn quoting *United States v. Olano,* 507 U.S. 725, 732, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993))) (internal quotation marks omitted).

### *Fiorillo*

Fiorillo was convicted of one count of conspiracy to distribute cocaine, six counts of possession of cocaine with intent to distribute and one count of fraudulent use of a counterfeit access device. Based upon the court's finding of 58 kilograms of cocaine, a final offense level of 40 and a criminal history category of III, the Sentencing Guideline range was 360 months to life and the court imposed a sentence of 360 months (30 years) for each of the drug counts, to be served concurrently. Fiorillo's 30–year sentence exceeds the 20–year statutory maximum for conviction of conspiracy to distribute a measurable quantity of cocaine under 21 U.S.C. § 846 or possession of a measurable amount cocaine under 21 U.S.C. § 841. Thus, as the gov-

---

**2.** Rutherford does not make an *Apprendi* challenge. Johnson's challenge is discussed below.

**3.** Appellants did object to the district court's use of the preponderance-of-the-evidence standard and argued that the court should apply the clear-and-convincing-evidence standard. Appellants did not, however, object to the determination of quantity by the court rather than the jury. Nor did they argue that

the beyond-a-reasonable-doubt standard should apply. "[T]he purpose of requiring a party to timely object is to ensure that the district court has an opportunity to cure any potential errors in the first instance." *United States v. Palmer,* 3 F.3d 300, 304 (9th Cir. 1993). Appellants' objection did not give the district court an opportunity to cure the errors that they now raise on appeal.

ernment concedes, there was *Apprendi* error and the error was plain.

The government tenders two arguments to establish that the error does not warrant resentencing, however.[4] These are the same two arguments made in *Buckland.* First, the government argues that no reasonable jury could have found beyond a reasonable doubt that Fiorillo's offenses did not involve at least 500 grams of cocaine. *See* 21 U.S.C. § 841(b)(1)(B)(ii)(II) (imposing statutory maximum of 40 years in prison for a violation involving 500 grams or more of cocaine). The government's argument prevailed in *Buckland,* but this case is distinguishable. In *Buckland,* the defendant did not challenge that over 500 grams of methamphetamine was taken from him personally, and the defendant's attorney conceded quantities over 500 grams in his objections to the presentence report. 277 F.3d at 1183–84. Here, by contrast, appellants disputed that they were responsible for 500 grams or more of cocaine. Accordingly, we reject the government's first argument.

◼ Second, the government argues that the *Apprendi* error does not warrant reversal because in the absence of error the district court would have been forced to impose consecutive sentences under § 5G1.2(d) of the Sentencing Guidelines, resulting in the same sentence as Fiorillo actually received. Under § 5G1.2(d), if the sentence imposed on the count carrying the highest statutory maximum is less than the total punishment, then the sentence imposed on one or more of the other counts must run consecutively, but only to the extent necessary to produce a combined sentence equal to the total punish-

ment. Appellants do not dispute that Fiorillo would have received the same sentence as result of the operation of § 5G1.2(d). Rather, Fiorillo contends that the government's § 5G1.2(d) "stacking" argument should not be used as an end-run around *Apprendi.* Fiorillo's contention must fail. After the briefing in this case, we decided *Buckland,* in which we expressly approved of the government's stacking argument. 277 F.3d at 1184–86. Accordingly, we hold that the *Apprendi* error in Fiorillo's case did not affect substantial rights and we affirm his sentence.

### *Flowers*

Flowers was convicted of one count of conspiracy to distribute cocaine, six counts of possession of cocaine with intent to distribute and two counts of fraudulent use of a counterfeit access device. Based on the court's finding of 58 kilograms of cocaine, the court calculated a final offense level of 38 and a criminal history category of IV, yielding a Sentencing Guideline range of 324 to 405 months. The court imposed a sentence of 336 months on each of the drug counts (28 years), to be served concurrently.

◼ As in the case of Fiorillo, the government concedes that Flowers' actual sentence of 28 years exceeds the statutory maximum of 20 years, thereby creating plain *Apprendi* error. As in the case of Fiorillo, the government contends that the error did not, however, affect Flowers' substantial rights. For the reasons discussed above, we reject the government's argument that no reasonable jury could have found beyond a reasonable doubt that Flowers' offenses did not involve at least 500 grams of cocaine. Turning to the gov-

---

4. Although the government articulates the question as whether the error was plain, in *Buckland* we acknowledged that errors of the sort that occurred here are plain, but focused

on the next question, which is whether the error "affect[ed] substantial rights." 277 F.3d at 1183. We will treat the government's contentions under the *Buckland* framework.

ernment's stacking argument, the government's brief contends in a conclusory manner that Flowers would have received the same sentence as a result of § 5G1.2(d). Flowers disputes the government's contention and argues that § 5G1.2(d) would have compelled a sentence of no more than 324 months, which is less than his actual sentence of 336 months. We agree with Flowers. In *United States v. Archdale,* 229 F.3d 861, 870 (9th Cir.2000), we said that "total punishment" is "the minimum sentence in the guideline range for the total offense level for all counts." *Buckland* does not alter *Archdale's* definition of "total punishment." The minimum sentence in Flowers' guideline range is 324 months. His sentence of 336 months thus exceeds the sentence that Flowers would have received under § 5G1.2(d). We therefore hold that Flowers' substantive rights were affected by the *Apprendi* error, and that the error " 'seriously affect[ed] the fairness, integrity, or public reputation of judicial proceedings.' " *Buckland,* 277 F.3d at 1186 (quoting *Johnson,* 520 U.S. at 469–70, 117 S.Ct. 1544). Accordingly, we VACATE Flowers' sentence and remand for resentencing.

### Hermanek

Hermanek was convicted of one count of conspiracy to distribute cocaine and four counts of possession of cocaine with intent to distribute. The district court sentenced him to 240 months on each count (20 years), to be served concurrently. Hermanek concedes that *Apprendi* ordinarily is not implicated where the actual sentence imposed does not exceed the statutory maximum consistent with the quantity of drugs found by the jury. *See, e.g., United States v. Panaro,* 266 F.3d 939, 954 (9th Cir.2001). In this case, Hermanek's actual sentence of 20 years does not exceed the applicable statutory maximum of 20 years.

 Hermanek argues, however, that his sentence should be vacated because, as a result of the quantity of drugs found by the court (in combination with his prior drug conviction), he was exposed to a 20–year mandatory minimum. During sentencing, the district court indicated that it would have sentenced Hermanek to fewer than 20 years if not for the mandatory minimum. Our precedent, however, holds that mandatory minimums do not implicate *Apprendi.* *United States v. Hitchcock,* 286 F.3d 1064 (9th Cir.2002), *mandate stayed,* 284 F.3d 1322 (2002), *pending Harris v. United States, cert. granted,* —— U.S. ——, 122 S.Ct. 663, 151 L.Ed.2d 578 (2001) (argued March 25, 2002); *accord United States v. Antonakeas,* 255 F.3d 714, 728 n. 11 (9th Cir.2001); *United States v. Garcia–Sanchez,* 238 F.3d 1200, 1201 (9th Cir. 2001). Because the mandate is stayed in *Hitchcock* and the Supreme Court is reviewing this issue, however, we will by separate order stay the mandate in Hermanek's appeal pending the outcome of *Harris* in the Supreme Court.

### Johnson

Johnson was convicted of one count of possession of cocaine with intent to distribute in violation of 21 U.S.C. § 841(a)(1). The district court determined a drug quantity of one kilogram. The court calculated a final offense level of 26 and a criminal history category of IV, yielding a Sentencing Guideline range of 92 to 115 months. Because Johnson had a prior felony drug conviction, however, the court was required to impose the applicable mandatory minimum sentence of 120 months (10 years). *See* 21 U.S.C. § 841(b)(1)(B).

 By separate order, we have granted Johnson's motion to file supplemental briefing to raise an *Apprendi* challenge to his sentence. As in Hermanek's case, the record establishes that the district court

would have imposed a lesser sentence if not for the mandatory minimum. We affirm Johnson's sentence. By separate order, the court will stay the mandate pending the outcome of *Harris*.

### Government's Cross–Appeal

 The government cross-appeals the district court's refusal to increase Flowers' offense level by four levels for being the organizer and leader of a criminal activity involving five or more participants. *See* U.S.S.G. § 3B1.1(a). Based on the facts in the record, the district court reasonably could have determined that Flowers did not exercise "control or organizational authority," *United States v. Lopez–Sandoval*, 146 F.3d 712, 717 (9th Cir.1998), over his customers or Simmons. The district court thus did not err in concluding that the government had failed to establish that Flowers controlled five or more individuals. We therefore reject the government's cross-appeal.

### Conclusion

We AFFIRM the convictions and the sentences of Hermanek (99–10092), Rutherford (99–10137), Johnson (99–10143) and Fiorillo (99–10146). By separate order we will stay the mandates of Hermanek (99–10092) and Johnson (99–10143).

We AFFIRM the conviction of Flowers (99–10142 and 99–10197) but VACATE his sentence and REMAND for resentencing.