Robert RUTHERFORD, Petitioner—Appellant,

v.

**UNITED STATES of America,**
**Respondent—Appellee.**

No. 06–15442.

United States Court of Appeals,
Ninth Circuit.

Submitted April 17, 2007.*

Filed June 13, 2007.

Katherine Anne Alfieri, Esq., San Francisco, CA, for Petitioner–Appellant.

Amber S. Rosen, Esq., USSJ—Office of the U.S. Attorney, San Jose, CA, Jeffrey W. Cole, AUSA, USSF—Office of the U.S. Attorney, San Francisco, CA, for Respondent–Appellee.

Before: SCHROEDER, Chief Circuit Judge, TROTT, Circuit Judge, and BENITEZ **, District Judge.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** The Honorable Roger T. Benitez, United States District Judge for the Southern District of California, sitting by designation.

**428**

MEMORANDUM ***

Robert Rutherford appeals the district court's denial of his 28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence. We affirm.

■ Rutherford's claims relating to the ex parte hearing and to the trial court's rejection of his motion to substitute counsel were decided by this court on direct review. *See United States v. Hermanek,* 47 Fed.Appx. 439 (9th Cir.2002). Rutherford has not carried his burden of showing that the ends of justice would be served by a redetermination of the claims previously decided on the merits on direct appeal. *See Polizzi v. United States,* 550 F.2d 1133, 1135–36 (9th Cir.1976); *Molina v. Rison,* 886 F.2d 1124 (9th Cir.1989).

■ We reject Rutherford's ineffective assistance of counsel claim because his trial attorney's failure to call Patricia Davis as a witness at trial was a defensible, tactical decision. Fully informed, defense counsel decided against presenting Davis as a witness because he had concerns about how she would stand up to cross examination. Rutherford has not established that defense counsel's tactical decision fell below an objective standard of reasonableness. *See Strickland v. Washington,* 466 U.S. 668, 688–90, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *Lord v. Wood,* 184 F.3d 1083, 1095 (9th Cir.1999) (observing that "few decisions draw so heavily on professional judgment as whether or not to proffer a witness at trial").

Finally, we reject also Rutherford's sentencing claims. Rutherford's conviction became final before the Supreme Court handed down *Blakely v. Washington,* 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403

*** This disposition is not appropriate for publication and is not precedent except as provid-

(2004) and *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). Because those cases do not apply retroactively, Rutherford's *Blakely* and *Booker* arguments must fail. *See Schardt v. Payne,* 414 F.3d 1025 (9th Cir.2005) (*Blakely* not retroactive); *United States v. Cruz,* 423 F.3d 1119 (9th Cir.2005), *cert. denied,* 546 U.S. 1155, 126 S.Ct. 1181, 163 L.Ed.2d 1138 (2006) (*Booker* not retroactive). To the extent Rutherford preserved his *Apprendi* claim in a footnote in his brief to this court, we conclude that the district court correctly determined that there was no *Apprendi* violation. *See Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000); 21 U.S.C. § 841(b)(1)(C).

The district court's denial of Rutherford's § 2255 motion is AFFIRMED.