# FOR PUBLICATION

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
            *Plaintiff-Appellee,*

            v.

SUSANA CRUZ,
            *Defendant-Appellant.*

No. 03-35873

D.C. Nos.
CV-02-00153-a-JMF
CR-98-00133-A-
JKS

OPINION

Appeal from the United States District Court
for the District of Alaska
James K. Singleton, Chief Judge, Presiding

Argued and Submitted
July 13, 2005—Anchorage, Alaska

Filed September 16, 2005

Before: Alfred T. Goodwin, Melvin Brunetti, and
William A. Fletcher, Circuit Judges.

Per Curiam Opinion

**COUNSEL**

Meredith A. Ahearn, Hagans, Ahearn & Webb, Anchorage, Alaska, for the defendant-appellant.

Richard L. Pomery, Assistant United States Attorney, Anchorage, Alaska, for the plaintiff-appellee.

**OPINION**

PER CURIAM:

This appeal requires us to decide whether *United States v. Booker*, 125 S. Ct. 738 (2005), applies retroactively to cases on collateral review. We hold that *Booker* does not apply retroactively to convictions that became final prior to its publication.

## I. BACKGROUND

Susana Cruz was convicted in June 1999 in the District of Alaska of one count of conspiracy to commit offenses relating to cocaine distribution and possession; three counts of possession with intent to distribute cocaine; three counts of maintaining a place for cocaine distribution and possession; two counts of making premises available for the storage and distribution of cocaine; and one count of interstate travel to promote cocaine trafficking. On January 21, 2000, Cruz was sentenced to 168 months in prison. This court affirmed Cruz' conviction and sentence on May 7, 2001. *See United States v. Marin*, 8 F. App'x 815 (9th Cir. 2001) (unpublished disposition).

Cruz brought a petition pursuant to 28 U.S.C. § 2255 on July 3, 2002, collaterally attacking her sentence. The district court denied her petition and she appealed. While her appeal was pending before this court, the Supreme Court decided *Booker,* and on January 14, 2005, we issued an order permitting Cruz and the United States to file supplemental briefing on the application of *Booker* to this case. Because the appellant has made a "substantial showing of the denial of a constitutional right," we now expand the certificate of appealability ("COA") to allow us to consider the *Booker* issue. 28 U.S.C. § 2253(c)(2); *see also Silva v. Woodford*, 279 F.3d 825, 832-33 (9th Cir. 2002).

## II.　DISCUSSION

**[1]** The district court relied upon facts not found by the jury to increase the maximum sentence applicable to Cruz under the then-mandatory Federal Sentencing Guidelines. Cruz' 168-month sentence was based in part upon the district court's finding that she was responsible for possession or conspiracy to transport a total of 60 kilograms of cocaine, a fact not found by the jury. *Booker* made available a "Sixth Amendment objection — that the defendant's sentence was enhanced by judge-found facts under a mandatory Guidelines system." *United States v. Ameline*, 409 F.3d 1073, 1084 (9th Cir. 2005).

**[2]** Under the framework originated in *Teague v. Lane*, 489 U.S. 288, 310 (1989), a new rule of constitutional law generally does not apply to convictions that have become final, unless it falls under certain exceptions. Cruz' conviction became final on May 7, 2001, well before *Booker* was published. In order to have retroactive effect, new rules either must be substantive or, if procedural, they must be "watershed rules of criminal procedure implicating the fundamental fairness and accuracy of the criminal proceeding." *Schriro v. Summerlin*, 542 U.S. 348, 124 S. Ct. 2519, 2523 (2004) (internal quotations omitted). We now join every other circuit that has considered the question in holding that the rule announced by *Booker* does not meet any of the *Teague* exceptions, and thus does not operate retroactively. *See United States v. Bellamy*, 411 F.3d 1182 (10th Cir. 2005); *Lloyd v. United States*, 407 F.3d 608 (3rd Cir. 2005); *Guzman v. United States*, 404 F.3d 139 (2nd Cir. 2005); *Humphress v. United States*, 398 F.3d 855 (6th Cir. 2005); *Varela v. United States*, 400 F.3d 864 (11th Cir. 2005); *McReynolds v. United States*, 397 F.3d 479 (7th Cir. 2005).

Given the dissenting opinions in *Booker* and the previous cases, it is apparent that the rule was not in fact "apparent to all reasonable jurists," and thus, under the Supreme Court's

definition, it was in fact a "new rule." *See, e.g.*, *Beard v. Banks*, 542 U.S. 406, 124 S.Ct. 2504, 2511 (2004). Nor is *Booker*'s holding a new substantive rule, as opposed to a new procedural rule. In holding that *Ring v. Arizona*, 536 U.S. 584 (2002), does not operate retroactively, the Court clarified that "[r]ules that allocate decisionmaking authority in this fashion are prototypical procedural rules." *Schriro*, 124 S. Ct. at 2523. We recently applied *Schriro* to decide that *Blakely v. Washington*, 542 U.S. 296 (2004), did not announce a new substantive rule. *Schardt v. Payne*, 414 F.3d 1025, 1036 (9th Cir. 2005). That rationale applies just as clearly to the Court's application of the *Blakely* rule to the federal Guidelines. Because *Booker* announced a new procedural rule, it may operate retroactively only if it is a watershed rule of criminal procedure. *Schriro*, 124 S. Ct. at 2523. As we held with respect to *Blakely*, the *Booker* rule fits squarely within the Court's holding that a "change in the law requiring that juries, rather than judges, make the factual findings on which a sentence is based [does] not announce a watershed rule of criminal procedure." *Schardt*, 414 F.3d at 1036 (citing *Schriro*, 124 S. Ct. at 2524-26).

## III.   CONCLUSION

**[3]** *Booker* is not retroactive, and does not apply to cases on collateral review where the conviction was final as of the date of *Booker*'s publication. To the extent that Cruz' appeal challenges her sentence under *Booker*, the district court's denial of her petition is AFFIRMED. The appellant's remaining, unrelated claims are addressed in a separate unpublished disposition.