**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Leonardo TORRES–ORTIZ, aka Leonardo Ortiz Torres aka Leonardo Torres Ortiz, Defendant—Appellant.**

**No. 04-17236.
D.C. No. CV-04-6068-REC.**

United States Court of Appeals,
Ninth Circuit.

Submitted Oct. 11, 2005.*

Decided Oct. 18, 2005.

Office of the U.S. Attorney, Fresno, CA, for Plaintiff–Appellee.

Arthur H. Weed, Santa Barbara, CA, for Defendant–Appellant.

Before T.G. NELSON, WARDLAW and TALLMAN, Circuit Judges.

## MEMORANDUM**

Federal prisoner Leonardo Torres–Ortiz appeals the district court's denial of his 28 U.S.C. § 2255 motion to vacate or correct his sentence for conspiracy, and possession of a controlled substance with intent to distribute. Under *United States v. Booker,* —— U.S. ——, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), and *Blakely v. Wash-*

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the

*ington,* 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), Torres–Ortiz contends that the district court erred in enhancing his sentence based on judge-found facts. Torres–Ortiz's conviction was final as of the dates the *Booker* and *Blakely* decisions were issued. Torres–Ortiz's claim is foreclosed because, as we recently held, *"Booker* does not apply retroactively to convictions that became final prior to its publication." *United States v. Cruz,* 423 F.3d 1119, 1119–120 (9th Cir.2005). *See also, Schardt v. Payne,* 414 F.3d 1025, 1036 (9th Cir.2005) (holding in a 28 U.S.C. § 2254 habeas action that *Blakely* does not apply retroactively to cases on collateral review). Consequently, we affirm the district court.

**AFFIRMED.**