**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Jose De Jesus CONTRERAS, Defendant—Appellant.**

**No. 03–17234.**

**D.C. Nos. CV–02–00385–RCC, CR–97–00564–RCC.**

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 5, 2005.*

Decided Dec. 12, 2005.

Joelyn Marlowe, Nathan D. Leonardo, Esq., USTU—Office of the U.S. Attorney, Tucson, AZ, for Plaintiff–Appellee.

John D. Kaufman, Tucson, AZ, for Defendant–Appellant.

Before GOODWIN, W. FLETCHER and FISHER, Circuit Judges.

Fed. R.App. P. 34(a)(2).

**975**

MEMORANDUM **

Jose De Jesus Contreras appeals the district court's denial of his 28 U.S.C. § 2255 motion challenging the sentence imposed following his conviction on two counts of possession of methamphetamine with intent to distribute. We have jurisdiction pursuant to 28 U.S.C. § 2253.

Contreras contends that his Sixth Amendment rights were violated because: (1) his indictment failed to allege a specific quantity of drugs, and (2) the jury was not instructed to determine the amount of methamphetamine, resulting in a sentence based on facts neither charged in the indictment nor proven to a jury beyond a reasonable doubt. He contends that *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), should be applied retroactively to cases on collateral review. Contreras' request for retroactive application of *Blakely* is foreclosed by *United States v. Cruz*, 423 F.3d 1119, 1120 (9th Cir.2005) (per curiam) (holding that neither *Blakely* nor *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), applies retroactively to cases on collateral review).

AFFIRMED.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

