James Thomas JOHNSON,
Plaintiff—Appellant,

v.

UNITED STATES of America,
Defendant—Appellee.

No. 04–17181.

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 5, 2005.*

Decided Dec. 19, 2005.

John J. Momot, Esq., Las Vegas, NV, for Plaintiff–Appellant.

Daniel R. Schiess, USLV–Office of the U.S. Attorney, Las Vegas, NV, for Defendant–Appellee.

Before: B. FLETCHER, THOMPSON, and BEA, Circuit Judges.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

## MEMORANDUM **

James Johnson appeals the district court's denial of his motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 based on his claim of ineffective assistance of counsel, and the district court's denial of his motion for leave to amend his section 2255 motion to add a challenge to his sentence under *Blakely v. Washington,* 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004). Because the parties are familiar with the facts and procedural history we do not include them here, except as necessary to explain our disposition. We have jurisdiction under 28 U.S.C. §§ 1291 and 2253 and we AFFIRM.[1]

■ First, Johnson has failed to prove that his trial counsel's performance was unreasonable under prevailing professional standards and that there is a reasonable probability that but for any of counsel's alleged errors, the result of Johnson's criminal proceeding would have been different. *See Strickland v. Washington,* 466 U.S. 668, 687–88, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Therefore, the district court's denial of Johnson's section 2255 motion is AFFIRMED.

■ Second, the district court did not abuse its discretion in refusing to permit Johnson to amend his 28 U.S.C. § 2255 motion to add a claim challenging his sentence under *Blakely v. Washington,* 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), because the motion to amend was both unduly delayed and futile. *See Bonin*

*v. Calderon,* 59 F.3d 815, 845 (9th Cir. 1995) (explaining that when determining whether a trial judge has abused his discretion in denying a motion to amend, this court "often consider[s]: bad faith, undue delay, prejudice to the opposing party, futility of the amendment, and whether the party has previously amended his pleadings. However, each is not given equal weight. Futility of amendment can, by itself, justify the denial of a motion for leave to amend."). The amendment was futile because neither *Blakely* nor *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), apply retroactively on collateral review to convictions that became final before those cases were decided. *See Schardt v. Payne,* 414 F.3d 1025 (9th Cir.2005) (holding that *Blakely* does not apply retroactively on collateral review), *United States v. Cruz,* 423 F.3d 1119 (9th Cir.2005) (holding that *Booker* does not apply retroactively on collateral review). Therefore, the district court's denial of Johnson's motion to amend is **AFFIRMED.**[2]

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

1. We review the district court's decision to grant or deny a federal prisoner's 28 U.S.C. § 2255 motion *de novo. United States v. Rodrigues,* 347 F.3d 818, 823 (9th Cir.2003). We review the denial of a motion for leave to amend pursuant to Federal Rule of Civil Procedure 15(a) for abuse of discretion. *Bonin v. Calderon,* 59 F.3d 815, 845 (9th Cir.1995).

2. To the extent that Johnson's opening brief can be read to include additional claims, we find that each claim is without merit and AFFIRM the denial of such claims.