**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Stephan Francis DAVIS, Defendant— Appellant.**

**No. 04–35851.**

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 5, 2005.*

Decided Dec. 21, 2005.

Bernard F. Hubley, Esq., Office of the U.S. Attorney, Helena, MT, for Plaintiff– Appellee.

Stephan Francis Davis, Sheridan, OR, pro se.

Before GOODWIN, W. FLETCHER, and FISHER, Circuit Judges.

MEMORANDUM **

Stephan Francis Davis appeals pro se the district court's denial of his 28 U.S.C.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

§ 2255 motion challenging the conviction and sentence imposed following his guilty plea to conspiracy, possession, and distribution of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), 844, and 846, and possession of a firearm in violation of 21 U.S.C. §§ 922(g)(1), (g)(3) and 924(c)(1)(A)(i). We affirm in part and vacate and remand in part.

■ Davis asserts that his 6th Amendment rights were violated when his sentence was enhanced pursuant to facts found by a judge. Because his conviction and sentence were final on June 12, 2003, this claim is foreclosed by *Cook v. United States,* 386 F.3d 949, 950 (9th Cir.2004) (order) (*Blakely v. Washington* not retroactive to cases on collateral review), and *United States v. Cruz,* 423 F.3d 1119, 1120 (9th Cir.2005) (*United States v. Booker* not retroactive to cases on collateral review). We affirm the district court's denial as to this claim.

Davis also contends that his guilty plea was unknowing and involuntary because he was denied effective assistance of counsel, which is an uncertified claim that the government has chosen to address in its brief. We construe Davis' arguments as a motion to expand the certificate of appealability, and because he has made a "substantial showing of the denial of a constitutional right," we grant the motion. *See Hiivala v. Wood,* 195 F.3d 1098, 1104–05 (9th Cir. 1999) (per curiam); 9th Cir. R. 22–1(e).

■ To prevail on a claim for ineffective assistance of counsel challenging a guilty plea, Davis must show that (1) counsel's representation fell below the range of competence demanded of attorneys in criminal cases, and (2) there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. *See Washington v. Lampert,* 422 F.3d 864, 873 (9th Cir.2005), *citing Hill v. Lockhart,* 474 U.S. 52, 58–59, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985). Davis is entitled to an evidentiary hearing on this claim unless the motion, files, and records of the case conclusively show that he is entitled to no relief. *See United States v. Jackson,* 209 F.3d 1103, 1109 (9th Cir.2000). Because there is no such conclusive showing, we vacate the district court's denial of this claim and remand for an evidentiary hearing.

Davis' motion to strike the government's motion to correct a typographical error is denied as moot.

**AFFIRMED in part, VACATED and REMANDED in part.**