**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**John Joe LOPEZ, Defendant—**
**Appellant.**

No. 04–17384.

United States Court of Appeals,
Ninth Circuit.

Submitted Jan. 9, 2006.*

Decided Jan. 17, 2006.

Thomas E. Flynn, Office of the U.S. Attorney, Sacramento, CA, for Plaintiff—Appellee.

John Joe Lopez, Taft, CA, pro se.

Before: HUG, O'SCANNLAIN, and SILVERMAN, Circuit Judges.

MEMORANDUM**

John Joe Lopez appeals pro se from the district court's order denying his motion for a reduction of sentence. Because appellant's November 24, 2004, filing in the district court included a request for a cer-

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

tificate of appealability, we have jurisdiction pursuant to 28 U.S.C. § 1291. *See Tinsley v. Borg,* 895 F.2d 520, 523 (9th Cir.1990).

Appellant's claim raised in the district court regarding the applicability of *Blakely v. Washington,* 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), to his sentence is foreclosed by *United States v. Cruz,* 423 F.3d 1119, 1120–21 (9th Cir. 2005) (per curiam). Accordingly, we affirm the district court's order.

It is not clear from the record whether the district court recharacterized appellant's pro se motion as a 28 U.S.C. § 2255 motion. If it did, then the district court failed to warn appellant "that this recharacterization means that any subsequent § 2255 motion will be subject to the restrictions on second or successive motions." *See Castro v. United States,* 540 U.S. 375, 383, 124 S.Ct. 786, 157 L.Ed.2d 778 (2003). Accordingly, we conclude that appellant's pro se motion, filed in the district court on August 16, 2004, cannot be considered to be appellant's first § 2255 motion for purposes of applying the restrictions on second or successive motions in the future. *See id.*

**AFFIRMED.**

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.