**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Lyle Douglas ROBISON, Defendant—**
**Appellant.**

**No. 05–35281.**

United States Court of Appeals,
Ninth Circuit.

Submitted Jan. 9, 2006.*

Decided Jan. 18, 2006.

Joshua A. Van De Wetering, Esq., USMI–Office of the U.S. Attorney, Missoula, MT, for Plaintiff–Appellee.

Michael Donahoe, Esq., FDMT–Federal Defenders of Montana Helena Branch Office, Helena, MT, Lyle Douglas Robison, Waseca, MN, for Defendant–Appellant.

Before: HUG, O'SCANNLAIN, and SILVERMAN, Circuit Judges.

MEMORANDUM**

Federal prisoner Lyle Douglas Robison appeals the district court's order denying his motion pursuant to 28 U.S.C. § 2255 to vacate, set aside or correct his sentence. We have jurisdiction under 28 U.S.C. § 2253,[1] and we affirm.

Robison's contention that he is entitled to relief under *Blakely v. Washington,* 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), and *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), is foreclosed because such relief is not available retroactively on collateral review. *See United States v. Cruz,* 423 F.3d 1119 (9th Cir.2005) (holding that *Booker* does not apply retroactively in § 2255 proceedings where the conviction was final as of the date of *Booker's* publication).

**AFFIRMED.**

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

1. Robison's failure to file the Notice of Appeal within 60 days of the district court's entry of its order denying the § 2255 motion does not render the appeal untimely because the district court never entered a separate judgment. *Williams v. Borg,* 139 F.3d 737, 739 (9th Cir.1998).