**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Ricardo BRIONES, Defendant— Appellant.**

**No. 03–16299.**

United States Court of Appeals, Ninth Circuit.

---

* The Honorable James M. Fitzgerald, Senior United States District Judge for the District of Alaska, sitting by designation.

Submitted March 8, 2006.*

Decided March 17, 2006.

Patrick Joseph Schneider, Office of the U.S. Attorney, Phoenix, AZ, for Plaintiff—Appellee.

Ricardo Briones, Phoenix, AZ, pro se.

Before: CANBY, BEEZER and KOZINSKI, Circuit Judges.

## MEMORANDUM**

Federal prisoner Ricardo Briones appeals pro se from the district court's judgment denying his 28 U.S.C. § 2255 motion, challenging his conviction and sentence for conspiracy to participate in a racketeering enterprise, tampering with a witness, and two counts of assault with a dangerous weapon. We have jurisdiction pursuant to 28 U.S.C. § 2253. We review de novo, *see United States v. Rodrigues*, 347 F.3d 818, 823 (9th Cir.2003), and we affirm.

Appellant contends that his trial counsel provided ineffective assistance by failing to request a specific unanimity jury instruction with regard to the predicate acts underlying the conspiracy charge. To demonstrate ineffective assistance of counsel, appellant must establish both that his counsel's performance was deficient and that he was prejudiced as a result. *See Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Even assuming counsel was deficient in failing to request a unanimity instruction,

we conclude that appellant was not prejudiced: The jury's verdict on Counts 2, 12 and 14 make clear its unanimity with respect to the required overt acts alleged in the conspiracy count. *See* 18 U.S.C. § 1961(5) ("pattern of racketeering activity" requires at least two predicate acts). Thus, this contention fails.

Appellant also contends that his appellate counsel rendered ineffective assistance by failing to raise a Sixth Amendment Confrontation Clause claim. Because appellate counsel *did* raise the issue, *see United States v. Briones*, 165 F.3d 918 (9th Cir.1998) (unpublished memorandum disposition), this contention fails. *See also Lockhart v. Fretwell*, 506 U.S. 364, 371–72, 113 S.Ct. 838, 122 L.Ed.2d 180 (1993) (noting that, under *Strickland*, the assessment of the reasonableness of counsel's performance is based on the law as it existed at the time of counsel's conduct).

Appellant's contention that he is entitled to relief under *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), and *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), is foreclosed because such relief is not available retroactively on collateral review. *See United States v. Cruz*, 423 F.3d 1119 (9th Cir.2005) (holding that *Booker* does not apply retroactively in § 2255 proceedings where the conviction was already final when *Booker* was decided).

To the extent that appellant raises uncertified issues, we construe such argument as a motion to expand the Certificate of Appealability, and we deny the motion. *See* 9th Cir. R. 22–1(e); *Hiivala v. Wood*, 195 F.3d 1098, 1104–05 (9th Cir.1999) (per curiam).

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2). Accordingly, appellant's request for oral arguments is denied.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Appellant's motion to take judicial notice is denied.

**AFFIRMED.**