**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Riley BRIONES, Jr., also known**
**as Spitz Mr, Defendant—**
**Appellant.**

* This panel unanimously finds this case suitable for decision without oral argument. *See*

**United States of America,**
**Plaintiff—Appellee,**

v.

**Riley Briones, Sr., also known as**
**Joker, Defendant—Appellant.**

Nos. 03–16300, 03–16302.

United States Court of Appeals,
Ninth Circuit.

Submitted March 8, 2006.*

Decided March 17, 2006.

Fed. R.App. P. 34(a)(2).

Patrick Joseph Schneider, Office of the U.S. Attorney, Phoenix, AZ, for Plaintiff—Appellee.

Riley Briones, Jr., Beaumont, TX, pro se.

Before: CANBY, BEEZER and KOZINSKI, Circuit Judges.

MEMORANDUM **

■ In these consolidated appeals, Riley Briones, Sr. ("Riley, Sr.") and his son Riley Briones, Jr. ("Riley, Jr.") appeal pro se from the district court's judgments denying their 28 U.S.C. § 2255 motions, challenging their convictions and sentences for various crimes related to their activities as gang members. We have jurisdiction pursuant to 28 U.S.C. § 2253. We review de novo, see United States v. Rodrigues, 347 F.3d 818, 823 (9th Cir.2003), and we affirm.

■ The only issue certified for Riley, Jr.'s appeal is whether the admission of an informant's out-of-court statements violated his Sixth Amendment Confrontation Clause rights. By failing to raise it in his opening brief, where he argues only an uncertified ineffective of assistance of counsel claim, Riley, Jr. has waived the issue. See United States v. King, 257 F.3d 1013, 1029 n. 5 (9th Cir.2001).

Riley, Sr. contends his trial counsel provided ineffective assistance by failing to investigate and argue effectively an alleged Confrontation Clause violation. To demonstrate ineffective assistance of counsel, Riley, Sr. must establish both that his counsel's performance was deficient and that the deficient performance prejudiced his defense. See Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Because Riley, Sr.'s counsel adequately addressed the Confrontation Clause issue under the law as it existed at the time of trial, his contention fails. See Lockhart v. Fretwell, 506 U.S. 364, 371–72, 113 S.Ct. 838, 122 L.Ed.2d 180

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

(1993) (explaining that, under *Strickland,* the assessment of the reasonableness of counsel's performance is based on the law at the time of counsel's conduct).

Riley, Sr. also contends his trial counsel rendered ineffective assistance by failing to request a specific unanimity jury instruction requiring the jury to agree as to the predicate acts underlying his conviction for conspiracy to participate in a racketeering enterprise. Even assuming counsel was deficient in failing to request a unanimity instruction, we conclude that appellant was not prejudiced: The jury's verdict on Counts 2, 12 and 14 make clear its unanimity with respect to the required overt acts alleged in the conspiracy count. *See* 18 U.S.C. § 1961(5) ("pattern of racketeering activity" requires at least two predicate acts). Accordingly, this contention also fails.

Riley, Sr.'s contention that he is entitled to relief under *Blakely v. Washington,* 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), and *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), is foreclosed because such relief is not available retroactively on collateral review. *See United States v. Cruz,* 423 F.3d 1119 (9th Cir.2005) (holding that *Booker* does not apply retroactively in § 2255 proceedings where the conviction was already final when *Booker* was decided).

To the extent the appellants argue uncertified issues, we construe such argument as a motion to expand the Certificate of Appealability, and we deny the motion. *See* 9th Cir. R. 22–1(e); *Hiivala,* 195 F.3d at 1104–05.

* This panel unanimously finds this case suitable for decision without oral argument. *See*

The Clerk shall file Riley, Sr.'s motion to take judicial notice. Appellants' motions to take judicial notice are denied.

**AFFIRMED.**