**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Michael Stephen ZERR, Defendant— Appellant.**

**No. 05–35097.**

United States Court of Appeals, Ninth Circuit.

Submitted March 8, 2006.*

Decided March 17, 2006.

Frederic N. Weinhouse, Office of the u.S. Attorney, Portland, OR, for Plaintiff–Appellee.

Lisa Hay, Federal Public Defender's Office, Portland, OR, for Defendant–Appellant.

Before: CANBY, BEEZER, and KOZINSKI, Circuit Judges.

MEMORANDUM **

Federal prisoner Michael Stephen Zerr appeals from the district court's denial of his 28 U.S.C. § 2255 motion to vacate, set aside, or correct the 51–month sentence imposed following his guilty plea conviction of being a felon in possession of a firearm. We have jurisdiction pursuant to 28 U.S.C. § 1291.

We affirm the district court's denial of Zerr's § 2255 motion. At the time he was sentenced, *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), did not apply to Guidelines calculations made within the statutory maximum. *See United States v. Alvarez,* 358 F.3d 1194, 1211 (9th Cir.2004). Further, neither *Blakely v. Washington,* 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), nor *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), apply retroactively to cases where the conviction became final prior to their publication. *See United States v. Cruz,* 423 F.3d 1119, 1120–21 (9th Cir.2005) (holding that neither *Blakely* nor *Booker* apply retroactively on collateral review).

Finally, Zerr has not established that his trial counsel's failure to raise *Apprendi* at sentencing was unreasonable under prevailing professional standards or that there is a reasonable probability that, but for

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

any of counsel's alleged errors, the result of his criminal proceeding would have been different. *See Strickland v. Washington,* 466 U.S. 668, 687–88, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

**AFFIRMED.**

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.