**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Jossue LUNA MENDOZA, aka Chico,**
**Defendant—Appellant.**

**No. 04–56294.**

United States Court of Appeals,
Ninth Circuit.

Submitted May 9, 2006.*

Filed May 11, 2006.

Becky S. Walker, Esq., Damian J. Martinez, Esq., USLA—Office of the U.S. Attorney, Criminal Division, Los Angeles, CA, for Plaintiff–Appellee.

Jerry Sies, Esq., Los Angeles, CA, for Defendant–Appellant.

Jossue Luna Mendoza, FCIL—Federal Correctional Institution, Lompoc, CA, pro se.

Before: HAWKINS, GRABER, and PAEZ, Circuit Judges.

MEMORANDUM **

Defendant Jossue Luna Mendoza pleaded guilty to one count of conspiracy to

---

* This panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

distribute methamphetamine, 21 U.S.C. § 846, in exchange for dismissal of two counts of distributing methamphetamine, 21 U.S.C. § 841. As relevant here, the written agreement provided for a sentencing range of 168 to 188 months' imprisonment. In the agreement Luna Mendoza gave up any right to appeal his sentence, or to attack it collaterally, so long as the sentence imposed by the district court fell within that range, unless the collateral attack were "based on a claim of ineffective assistance of counsel, a claim of newly discovered evidence, or an explicitly retroactive change in the applicable Sentencing Guidelines, sentencing statutes, or statutes of conviction." Luna Mendoza concedes that he entered into the plea agreement knowingly and voluntarily. He was sentenced at the bottom of the agreed range, to 168 months in prison.

Nevertheless, Luna Mendoza brought the present motion under 28 U.S.C. § 2255, attacking the sentence collaterally on the ground that some of the convictions underlying his criminal history score were set aside later by a California court because he fulfilled the conditions of his state probation. That claim does not encompass any of the bases for collateral attack reserved in the plea agreement. Accordingly, on de novo review, *United States v. Jeronimo*, 398 F.3d 1149, 1153 (9th Cir.), *cert. denied*, —— U.S. ——, 126 S.Ct. 198, 163 L.Ed.2d 188 (2005), we hold that the waiver applies. Therefore, the district court lacked jurisdiction to entertain the present claim. *Washington v. Lampert*, 422 F.3d 864, 869 (9th Cir.2005), *cert. denied*, —— U.S. ——, 126 S.Ct. 1778, 164 L.Ed.2d 525 (2006).

The remaining jurisdictional question is whether the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), fits the agreement's definition of "an explicitly retroactive change in the applicable Sentence Guidelines." That argument is foreclosed by *United States v. Cruz*, 423 F.3d 1119, 1121 (9th Cir.2005) (per curiam), *cert. denied*, —— U.S. ——, 126 S.Ct. 1181, 163 L.Ed.2d 1138 (2006), which held that *Booker* does not apply retroactively to a conviction, like Luna Mendoza's, that had become final as of the date of *Booker*'s publication.

VACATED and REMANDED with instructions to dismiss the § 2255 motion for lack of jurisdiction.