**UNITED STATES of America, Plaintiff—Appellee,**

v.

**CHENG KOY SAECHAO, Defendant—Appellant.**

**No. 05–35759.**

United States Court of Appeals, Ninth Circuit.

Submitted July 21, 2006.*

Filed July 27, 2006.

U.S. Attorney, Anchorage, AK, for Plaintiff–Appellee.

G. Blair McCune, Attorney at Law, Anchorage, AK, for Defendant–Appellant.

Before: KOZINSKI, BERZON and TALLMAN, Circuit Judges.

MEMORANDUM **

Petitioner challenges the constitutionality of his 2002 conviction under *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). As petitioner acknowledges, we have held that *Booker* does not apply retroactively on collateral review. *See United States v. Cruz*, 423 F.3d 1119, 1119 (9th Cir.2005) (per curiam). Even if *Booker* were to apply retroactively, however, petitioner's sentence would not be affected because he waived

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

his right to a jury trial, the judge considered and ruled on each sentencing factor raised, and his sentence was not above the statutory maximum. *See Booker*, 543 U.S. at 231–32, 125 S.Ct. 738.

Petitioner's claim that the district court lacked jurisdiction to sentence during the pre-*Booker* guidelines era is also meritless. Congress had granted district courts jurisdiction to impose criminal penalties before *Booker*. *See* 18 U.S.C. § 3231. While *Booker* severed and excised 18 U.S.C. §§ 3553(b)(1) and 3742(e)—thus making the guidelines advisory—it did not sever the jurisdictional part of the statute. *See Booker*, 543 U.S. at 245, 125 S.Ct. 738. Thus, *Booker* may have affected the district court's *discretion* to sentence petitioner, but it didn't affect its *jurisdiction*.

**PETITION DENIED.**