UNITED STATES of America,
Plaintiff—Appellee,

v.

Carlos SALAZAR–LOPEZ,
Defendant—Appellant.

No. 06–36002.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Oct. 16, 2007.

Filed Oct. 24, 2007.

Paulette L. Stewart, Esq., USHE–Office of the U.S. Attorney, Helena, MT, for Plaintiff–Appellee.

Michael Donahoe, Esq., FDMT–Federal Defenders of Montana, Helena Branch Office, Helena, MT, for Defendant–Appellant.

Before: CUDAHY *, REINHARDT, and PAEZ, Circuit Judges.

MEMORANDUM **

Carlos Salazar–Lopez appeals the district court's dismissal of his petition for habeas relief, in which he claimed: 1) he is entitled to relief under *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), and 2) he received ineffective assistance of counsel. We have jurisdiction under 28 U.S.C. § 2255.

We affirm the district court's dismissal of Salazar–Lopez's claim under *Booker*. Our decision in *United States v. Cruz*, 423 F.3d 1119 (9th Cir.2005), forecloses Salazar–Lopez's argument. *Booker* does not apply retroactively on collateral review.

To prevail on a claim of ineffective assistance, a defendant must show both deficient performance and prejudice. *Strickland v. Washington*, 466 U.S. 668, 687, 104

---

* The Honorable Richard D. Cudahy, Senior United States Circuit Judge for the Seventh Circuit, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

S.Ct. 2052, 80 L.Ed.2d 674 (1984). Deficient performance requires a showing that counsel's advice "fell below an objective standard of reasonableness." *Id.* at 688, 104 S.Ct. 2052. Prejudice exists when "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694, 104 S.Ct. 2052.

A defendant's decision to plead not guilty is "a vitally important decision and a critical stage at which the right to effective assistance of counsel attaches." *Turner v. Calderon,* 281 F.3d 851, 879 (9th Cir.2002) (quoting *United States v. Zelinsky,* 689 F.2d 435, 438 (3d Cir.1982)). A defendant has received ineffective assistance if counsel's advice regarding plea options was "so incorrect and so insufficient that it undermined his ability to make an intelligent decision about whether to accept the [plea] offer." *Id.* at 880 (quoting *United States v. Day,* 969 F.2d 39, 43 (3d Cir.1992)).

Salazar–Lopez established deficient performance through his trial counsel's testimony that although the evidence against Salazar–Lopez was overwhelming, counsel did not advise Salazar–Lopez of the possibility of pleading without cooperating. *See United States v. Booth,* 432 F.3d 542 (3d Cir.2005). Such a plea might have entitled him to obtain a downward adjustment for accepting responsibility under the Sentencing Guidelines.

The district court, however, did not consider the issue of trial counsel's failure to advise Salazar–Lopez of the option of pleading without cooperating. As a result, the court also did not consider whether that failure resulted in prejudice to Salazar–Lopez—i.e. whether there is a reasonable probability that Salazar–Lopez would have pled guilty had he known of that

option and whether there is a reasonable probability that the judge would have afforded him credit for accepting responsibility. We conclude that, in these circumstances, we must vacate the order denying the petition and remand to the district court for consideration of the prejudice question.

**VACATED and REMANDED.**