**Richard BENNET, Petitioner–Appellant,**

v.

**C.A. TERHUNE, Director of the CDC, Respondent–Appellee.**

No. 06–55661.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 5, 2007.

Filed Jan. 23, 2008.

Robert W. Scott, Esq., Fullerton, CA, for Petitioner–Appellant.

Sara Gros–Cloren, Kevin R. Vienna, Esq., AGCA–Office of the California Attorney General, San Diego, CA, for Respondent–Appellee.

Before: THOMPSON and WARDLAW, Circuit Judges, and REED *, District Judge.

### MEMORANDUM **

Richard Bennet ("Bennet") appeals the district court's denial of his petition for a writ of habeas corpus under 28 U.S.C. § 2254. We review de novo the district court's decision. *See Robinson v. Ignacio,* 360 F.3d 1044, 1055 (9th Cir.2004). We review the "last reasoned decision" by a state court, which in this case is the decision of the California Court of Appeal. *Id.* Because the parties are familiar with the facts and procedural history we do not include them here, except as necessary to explain our disposition. We have jurisdiction pursuant to 28 U.S.C. § 2253 and we affirm.

■ We granted Bennet's, certificate of appealability with respect to the following issue:

[W]hether the *Miranda* warnings given mid-interrogation, after Bennet gave an unwarned confession, were ineffective, thereby making Bennet's subsequent post-*Miranda* confession inadmissible at trial. *See* 28 U.S.C. § 2253(c)(3); *Missouri v. Seibert* [542 U.S. 600], 124 S.Ct. 2601 [159 L.Ed.2d 643] (2004).

Bennet argues that "The California state court's denial of [Bennet's] Fifth Amendment claim was both contrary to and an unreasonable application of" the law under *Miranda.*[1] Specifically, he contends the state court's reliance on *Oregon v. Elstad,* 470 U.S. 298, 105 S.Ct. 1285, 84 L.Ed.2d 222 (1985) "to find that neither coercion nor improper tactics were used to obtain the prisoner's two deliberately unwarned confessions ... is an unreasonable application of that decision to the facts in [his] case." In support of this, he argues that, "[t]he *Seibert* ... plurality condemned the deliberate failure to Mirandize a suspect

---

\* The Honorable Edward C. Reed, Jr., Senior United States District Judge for the District of Nevada, sitting by designation.

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. Bennet makes passing mention in his brief that the state court's decision was "contrary to" clearly established federal law under *Miranda,* which requires that a suspect be clearly advised of his rights. However, the state court did not hold it unnecessary for a defendant to be clearly advised of his rights. Rather, the court cited to controlling law and explained that "Bennet was told he could ask for an attorney, at state expense, at that moment, and have him present during questioning. He was told he could choose to be silent. He was informed that statement could be used against him. He answered affirmatively when asked if he understood." The court then found that the elements of *Oregon v. Elstad,* 470 U.S. 298, 105 S.Ct. 1285, 84 L.Ed.2d 222 (1985) were met. We cannot say that, in so doing, the court acted "contrary to" clearly established federal law. *See Gautt v. Lewis,* 489 F.3d 993, 1002 (9th Cir.2007).

until after he made an inculpatory statement that was the result of a police protocol which [the Supreme Court] characterized as a question-first strategy."

Our review is governed by 28 U.S.C. § 2254(d)(1) which provides:

> ... a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim ... resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States....

### The California Court of Appeals' Application of the Law Was Not "Objectively Unreasonable"

We are bound to evaluate Bennet's claim according to "clearly established Federal law, as determined by the Supreme Court of the United States" at the time of the decision in Bennet's case. 28 U.S.C. § 2254(d)(1); *Williams v. Taylor*, 529 U.S. 362, 380, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000) (explaining that the relevant governing law for habeas purposes is the law that was clearly established "at the time the state conviction became final").

In Bennet's case, the state court correctly determined that, at the time of its decision, the "clearly established Federal law as determined by the Supreme Court of the United States" was *Elstad*. The court looked at the facts of Bennet's case, and applying *Elstad*, found that the *Miranda* warnings given to him were sufficient, that his post-*Miranda* confession was voluntary, and therefore properly admitted during trial. While it is possible that another court applying *Elstad* could have come to a different conclusion, we cannot say that the court's application of federal law was "objectively unreasonable."

### Seibert Does Not Alter This Result

■ Bennet urges us to consider his petition in light of *Seibert*. *Seibert*, however, cannot be retroactively applied to Bennet's case.[2] Rather, we must evaluate Bennet's claim with respect to "clearly established Federal law, as determined by the Supreme Court of the United States" at the time the conviction became final in his case. 28 U.S.C. § 2254(d)(1); *Williams*, 529 U.S. at 380, 120 S.Ct. 1495; *see also Teague v. Lane*, 489 U.S. 288, 310, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989) ("Unless they fall within an exception to the general rule, new constitutional rules of criminal procedure will not be applicable to those cases which have become final before the new rules are announced.").

The Supreme Court has explained that "[a] new rule applies retroactively in a collateral proceeding only if (1) the rule is substantive or (2) the rule is a watershed rul[e] of criminal procedure implicating the fundamental fairness and accuracy of the criminal proceeding." *Whorton v. Bockting*, —— U.S. ——, 127 S.Ct. 1173, 1180, 167 L.Ed.2d 1 (2007) (internal quotation marks omitted).

Even if *Seibert* did constitute a new rule of criminal procedure, it did not constitute

---

**2.** Because *Seibert* cannot be retroactively applied to Bennet's case regardless of its precedential value, we need not consider what precedential value it might have as a plurality opinion. *See United States v. Antelope*, 395 F.3d 1128, 1133 n. 1 (9th Cir.2005) (stating that, with respect to plurality opinions, "when 'no single rationale explaining the result enjoys the assent of five Justices, the holding of the Court may be viewed as that position taken by those members who concurred in the judgments on the narrowest grounds ...' " (quoting *Marks v. United States*, 430 U.S. 188, 193, 97 S.Ct. 990, 51 L.Ed.2d 260 (1977))).

a "watershed rul[e] of criminal procedure implicating the fundamental fairness and accuracy of the criminal proceeding," and therefore cannot be applied retroactively to Bennet's case. *See id.; Teague v. Lane,* 489 U.S. at 315, 109 S.Ct. 1060; *United States v. Cruz,* 423 F.3d 1119, 1120 (9th Cir.2005) (stating that when a new procedural rule is not a "watershed rule" under *Teague,* it could not be retroactively applied).

To the extent that Bennet is arguing that if *Seibert* did not constitute an applicable new rule, nonetheless it makes the state court's application of *Elstad* objectively unreasonable, we cannot agree. *Seibert* was a plurality opinion in which four justices of the Court concluded that *Elstad* compelled them to vacate the state Supreme Court's decision excluding a post-*Miranda* confession. *See Seibert,* 542 U.S. at 622–623, 124 S.Ct. 2601 (O'Connor, J., dissenting, joined by Rehnquist, C.J., Scalia and Thomas, JJ.) ("We are bound by *Elstad* to reach a different result, and I would vacate the judgment of the Supreme Court of Missouri."). We cannot say that the state court in Bennet's case was "objectively unreasonable" when, on similar facts, it came to the same conclusion that four justices of the Supreme Court came to in the later *Seibert* plurality.

Because the state court's application of "clearly established Federal law, as determined by the Supreme Court of the United States" was not "objectively unreasonable," Bennett is not entitled to federal habeas corpus relief. The decision of the district court is

**AFFIRMED.**

---

* This disposition is not appropriate for publication and is not precedent except as provided