**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Betty Lou LEWIS, Defendant–
Appellant.**

No. 04–17316.

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 26, 2008.*

Filed March 11, 2008.

Courtney J. Linn, Office of the U.S. Attorney, Sacramento, CA, for Plaintiff–Appellee.

Ann C. Moorman, Esq., Law Offices of Ann C. Moorman, Ukiah, CA, William L. Osterhoudt, Esq., Law Offices of William L. Osterhoudt, San Francisco, CA, for Defendant–Appellant.

Before: BEEZER, FERNANDEZ, and McKEOWN, Circuit Judges.

MEMORANDUM **

Betty Lou Lewis appeals from the district court's judgment denying her 28 U.S.C. § 2255 motion. We have jurisdiction pursuant to 28 U.S.C. § 2253, and we affirm.

Lewis contends that the district court's failure to submit the issue of drug quantity to the jury for its determination by proof beyond a reasonable doubt deprived her of her Sixth Amendment right to trial by jury, in violation of *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004). Lewis also contends that the district court violated her Sixth Amendment right of confrontation by admitting, over her objection, a newspaper article from the *Modesto Bee*, in violation of *Crawford v. Washington*, 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004).

Lewis' *Blakely* claim is foreclosed by *United States v. Cruz*, 423 F.3d 1119, 1121 (9th Cir.2005) (holding that neither *Blakely* nor *United States v. Booker*, 543 U.S.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), applies retroactively to cases on collateral review). Likewise, Lewis' confrontation argument is foreclosed by *Whorton v. Bockting,* —— U.S. ——, 127 S.Ct. 1173, 1184, 167 L.Ed.2d 1 (2007) (holding that *Crawford* has no application to cases on collateral review).

We also conclude that the district court correctly determined that there was no *Apprendi* violation as the sentence did not exceed the statutory maximum. *See Apprendi v. New Jersey,* 530 U.S. 466, 489, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000); *see also* 21 U.S.C. § 841(b)(1)(c).

Lewis' motion requesting that her appeal of the denial of her § 2255 motion petition be heard and determined, filed on April 26, 2007, is denied as moot.

**AFFIRMED.**