**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

CRAIG ANTHONY CARRINGTON,
          *Petitioner-Appellant,*

v.

UNITED STATES OF AMERICA,
          *Respondent-Appellee.*

No. 05-36143

D.C. Nos.
CV-05-05286-RJB
CR-89-00088-RJB

ROBERT CHARLES TILLITZ,
          *Petitioner-Appellant,*

v.

UNITED STATES OF AMERICA,
          *Respondent-Appellee.*

No. 05-36144

D.C. Nos.
CV-05-05144-RJB
CR-94-05074-RJB

ORDER

Filed July 3, 2008

Before: Harry Pregerson, John T. Noonan, and
Consuelo M. Callahan, Circuit Judges.

## ORDER

Judge Noonan and Judge Callahan vote to deny the petition for rehearing and Judge Pregerson votes to grant the petition for rehearing. The petition for rehearing is **DENIED**.

Judge Pregerson votes to grant the petition for rehearing en banc, and Judge Callahan votes to deny the petition for rehearing en banc. Judge Noonan recommends that the petition for rehearing en banc be denied. The full court has been advised of the petition for rehearing en banc and no judge of

8065

the court has requested a vote on the petition. Federal Rule of Appellate Procedure 35. The petition for rehearing en banc is **DENIED**.

Judge Pregerson's dissent to the panel's September 11, 2007 opinion is amended to include the following footnote following the sentence "I agree that *Cruz* holds that *Booker* is not retroactive to cases on collateral review, but that is *all* that *Cruz* holds." *Carrington v. United States*, 503 F.3d 888, 901 (9th Cir. 2007):

> But unlike my colleagues, I am not persuaded by *Cruz*'s holding that *Booker* is *not* retroactive to cases on collateral review. My thoughts on this matter are informed by Professor Kermit Roosevelt III's recently published law review article, *A Retroactivity Retrospective, With Thoughts for the Future: What the Supreme Court Learned from Paul Mishkin, and What it Might*, 95 CAL. L. REV. 1677 (2007). Roosevelt posits that, under a proper reading of the Supreme Court's case law, *Booker* did not create a "new" procedural rule of law which can never be applied retroactively; instead, *Booker* simply announced the correct interpretation of constitutional meaning. Recognizing that "[h]orror stories about the consequences of the Federal Guidelines are legion," *id.* at 1701, Roosevelt offers the following advice regarding the retroactive application of *Booker* on collateral review:
>
> By holding that the Guidelines could persist in an advisory capacity, the *Booker* Court indicated that the proper remedy is simply to allow the trial court to determine whether it would have imposed the same sentence in its discretion under an advisory regime. Allowing habeas petitioners this chance at a reduced sentence will impose some administrative burdens, for trial courts may have to reconsider a

very large number of sentences. But each reconsideration is relatively trivial, and it should not outweigh the substantial injustice in those cases in which the courts would have imposed lesser sentences if they had the choice. This approach would strike the balance we should strive for in such cases . . . the balance between the sense of injustice and the needs of organized society.

*Id.* at 1702 (internal citation and quotation marks omitted).

Thus, in the *Booker* context, "we need only ask, according to our best current understanding of the law, whether the pre-*Booker* imposition of sentences violated the constitutional rights of [the] defendants, and if so, whether those wrongs merit a remedy." *Id.* at 1679. Here, the answer to both questions must be "yes," for we know to a certainty that Judge Bryan would have imposed lesser sentences if he had been given the choice. For this reason, and for those articulated in the body of my dissenting opinion, I would give Judge Bryan that choice now.

With the addition of the above as footnote 3 in Judge Pregerson's dissent, the footnotes that follow footnote 3 in the dissent are renumbered accordingly.

Judge Noonan's concurrence to the panel's September 11, 2007 opinion is amended to include the following addition:

The two decisions that came down on December 10, 2007 from the Supreme Court (*Gall v. United States*, 128 S. Ct. 586 (2007) and *Kimbrough v. United States*, 128 S. Ct. 558 ( 2007)) seem to me to deserve reflection as one looks at our cases. Even more so, the position announced on December 11 of the United States Sentencing Commission on crack cocaine sentences may be relevant. U.S. Sentencing

Commission, Memorandum on Retroactive Applica-
tion of Amendment to Fed. Sentencing Guidelines
Regarding Cocaine Base Offenses (Dec. 12, 2007).

My position on our two cases has been that the old
sentences were not unjust at the time and do not
became so by virtue of the change in the constitu-
tion; that it would be wise, nonetheless, to give
Judge Bryan the discretion he seeks but that we
lacked authority to make the change retroactive. If
the Sentencing Commission can make its recommen-
dations retroactive, and district judges have the statu-
tory authority to apply the recommendations
retroactively may a district judge apply new
Supreme Court decisions retroactively? On the face
of it, a new Supreme Court rule has more authority
than a new rule of the Sentencing Commission. The
Supreme Court, however, has chosen to put a close
rein on the retroactivity of its new readings of the
constitution.

It has been commonly understood that the consti-
tutional change by the Supreme Court on sentencing
was a procedural change, a reallocation of the power
to sentence. *United States v. Cruz*, 425 F.3d 1119
(9th Cir. 2005) (per curiam). To the nonlegal mind
it might seem that the change had a substantive
impact. When the Guidelines became advisory only
and the old system was found to be a serious viola-
tion of the constitution, it could be thought that the
re-reading of the constitution was momentous, a
watershed even if it was not categorized as substan-
tive. But such has not been the case. *Id.* at 1121. If
these cases are returned to Judge Bryan, he will con-
front a situation indistinguishable from what he first
confronted. The law, as determined by this circuit, is
against retroactivity. The solitary exception granted

by *Crawford* would not support Judge Bryan if he created exceptions in these two cases.

Stress is laid by Judge Pregerson on the fact that Judge Bryan has expressed the convictions of his conscience. It is not unusual for judges to have a conscience and to have convictions formed by it. A judge without a conscience is a monster. It is not usual for a judge to express openly in a proceeding in court the conflict he sees between his conscience and the law he is being asked to apply.

Open expression of conscience requires our respect. It does not always require a response that will help the judge. In these cases, if we recalled the mandate and remanded, the judge would still be confronted with the rule against retroactivity.

I vote to deny the petition for rehearing and to recommend denial of the petition for rehearing en banc.

PRINTED FOR
ADMINISTRATIVE OFFICE—U.S. COURTS
BY THOMSON REUTERS/WEST—SAN FRANCISCO

The summary, which does not constitute a part of the opinion of the court, is copyrighted
© 2008 Thomson Reuters/West.