**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
            *Plaintiff-Appellee,*

            v.

FRED WALKER,
            *Defendant-Appellant.*

No. 04-10616

D.C. No.
CR-03-00516-PMP
District of Nevada,
Las Vegas

ORDER

Filed February 12, 2009

Before: Betty B. Fletcher, Robert R. Beezer and
Raymond C. Fisher, Circuit Judges.

Order;
Concurrence by Judge Beezer

---

## ORDER

The language in the statute supporting Walker's sentence is quite different from the provisions construed in the cases cited in Walker's motion. The analysis from those cases is inapplicable to Walker's situation. He therefore has not presented the exceptional circumstances and equities necessary to support the extraordinary remedy of recalling the mandate. *See Carrington v. United States*, 503 F.3d 888, 891 (9th Cir. 2007). Accordingly, Walker's motion to recall the mandate, filed on January 12, 2009, is denied.

---

BEEZER, Circuit Judge, concurring:

I write separately because I believe we lack the power to reach the merits of Walker's motion which seeks to modify a

final judgment of this court. We filed our memorandum disposition on May 17, 2006, and the mandate, which returned the case to the district court, issued on June 8, 2006.

Walker's only other avenue for relief was to timely petition the United States Supreme Court for a writ of certiorari. This he did not do. Walker's conviction became final 90 days after our mandate issued. *See* Sup. Ct. R. 13; *Tanner v. McDanieli*, 493 F.3d 1135, 1141 n.4 (9th Cir. 2007).

Walker's motion is premised on the retroactive application of a Supreme Court decision that was issued after Walker's conviction became final. *See Lopez v. Gonzales*, 549 U.S. 47 (2006). No court has held the *Lopez* opinion to be retroactive. Thus, I do not believe we have the power to consider Walker's motion. *See Teague v. Lane*, 489 U.S. 288, 310 (1989); *United States v. Cruz*, 423 F.3d 1119, 1120 (9th Cir. 2005); *see also Carrington v. United States*, 503 F.3d 888, 891 (9th Cir. 2007) (denying a motion to recall the mandate as barred by *Cruz* and alternatively based on lack of exceptional circumstances).

For these reasons, I would dismiss for lack of jurisdiction.

PRINTED FOR
ADMINISTRATIVE OFFICE—U.S. COURTS
BY THOMSON REUTERS/WEST—SAN FRANCISCO

The summary, which does not constitute a part of the opinion of the court, is copyrighted
© 2009 Thomson Reuters/West.