BEEZER, Circuit Judge, concurring:
Walker’s only other avenue for relief was to timely petition the United States Supreme Court for a writ of certiorari. This he did not do. Walker’s conviction became final 90 days after our mandate issued. See Sup.Ct. R. 13; Tanner v. McDaniel, 493 F.3d 1135, 1141 n. 4 (9th Cir.2007).
Walker’s motion is premised on the retroactive application of a Supreme Court decision that was issued after Walker’s conviction became final. See Lopez v. Gonzales, 549 U.S. 47, 127 S.Ct. 625, 166 L.Ed.2d 462 (2006). No court has held the Lopez opinion to be retroactive. Thus, I do not believe we have the power to consider Walker’s motion. See Teague v. Lane, 489 U.S. 288, 310, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989); United States v. Cruz, 423 F.3d 1119, 1120 (9th Cir.2005); see also Carrington v. United States, 503 F.3d 888, 891 (9th Cir.2007) (denying a motion to recall the mandate as barred by Cruz and alternatively based on lack of exceptional circumstances).
For these reasons, I would dismiss for lack of jurisdiction.