**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 09-15890 |
| Plaintiff - Appellee, | D.C. Nos.   4:07-cv-05583-CW |
| v. | 4:04-cr-40071-CW-1 |
| LAL BHATIA, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Northern District of California
Claudia A. Wilken, District Judge, Presiding

Submitted January 12, 2011[**]
San Francisco, California

Before:  HUG, SCHROEDER, and RAWLINSON, Circuit Judges.

Appellant Lal Bhatia (Bhatia) was convicted of mail fraud and money

laundering.  Bhatia challenges the district court's denial of his 28 U.S.C. § 2255

motion.  Bhatia contends that his trial counsel provided ineffective assistance of

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

counsel and that his money laundering convictions should be reversed pursuant to *United States v. Santos*, 553 U.S. 507 (2008).

**1.** Bhatia's counsel was not ineffective for failing to file a motion to suppress evidence seized from Bhatia's residence, as any omissions in the search warrant affidavit regarding a civil lawsuit against Bhatia "would not have materially affected the probable cause determination." *United States v. Casteneda*, 511 F.3d 1246, 1251 (9th Cir. 2008).

**2.** The district court correctly denied Bhatia's claim that his counsel failed to investigate and prepare a valid defense to the mail fraud charges. Bhatia's counsel provided an adequate defense that Bhatia lacked the requisite intent to defraud and his counsel's representation did not "fall[ ] below an objective standard of reasonableness." *Earp v. Cullen*, 623 F.3d 1065, 1074 (9th Cir. 2010) (citation and internal quotation marks omitted).

**3.** The district court properly denied Bhatia's claim that his counsel was ineffective due to a lack of experience. *See Ortiz v. Stewart*, 149 F.3d 923, 933 (9th Cir. 1998) ("In considering a claim of ineffective assistance of counsel, it is

not the experience of the attorney that is evaluated, but rather, his performance.") (citation and parentheses omitted).

4.     Assuming, without deciding, that it was improper for Bhatia's attorney to threaten to withdraw if Bhatia testified, Bhatia did not demonstrate that "there [was] a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different" given the substantial evidence of Bhatia's guilt. *Earp*, 623 F.3d at 1074 (citations omitted).

5.     The failure of Bhatia's counsel to call additional witnesses, including a witness mentioned by counsel during his opening statement, did not constitute deficient performance, as any additional testimony would have been cumulative. *See Clabourne v. Lewis*, 64 F.3d 1373, 1382 (9th Cir. 1995) ("[F]ailure to present cumulative testimony does not amount to ineffective assistance.") (citation and parentheses omitted).  In any event, there was not "a reasonable probability that, but for counsel's alleged errors, the results in [Bhatia's] case would have been different." *Young v. Runnels*, 435 F.3d 1038, 1043 (9th Cir. 2006) (citations omitted).

**6.** The Supreme Court's decision in *Santos* does not compel reversal of Bhatia's money laundering convictions, as his convictions were based on payments independent of the misrepresentations upon which his mail fraud convictions were premised. *See United States v. Bush*, 626 F.3d 527, 537 (9th Cir. 2010).

**7.** Bhatia's claim based on prosecutorial and judicial misconduct does not warrant expansion of the certificate of appealability as Bhatia has not "made a substantial showing of the denial of a constitutional right." *United States v. Cruz*, 423 F.3d 1119, 1120 (9th Cir. 2005) (citations and internal quotation marks omitted).

**AFFIRMED.**