**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Nora Luz SERRATO, Defendant–Appellant.**

No. 06–35274.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 6, 2006.

Filed May 9, 2007.

Courthouse, Portland, OR, for Plaintiff–Appellee.

Stephen R Sady, Esq., FPDOR—Federal Public Defender's Office, Portland, OR, for Defendant–Appellant.

Before FARRIS, CLIFTON, and BEA, Circuit Judges.

MEMORANDUM *

Nora Luz Serrato appeals the district court's denial of her Federal Rule of Civil Procedure 60(b) Motion for Relief from Judgment.[1] The Rule 60(b) motion requested that the court reopen Serrato's previously filed 28 U.S.C. § 2255 motion. We review the district court's ruling on Serrato's Rule 60(b) motion for abuse of discretion. *See Casey v. Albertson's Inc.,* 362 F.3d 1254, 1257 (9th Cir.2004).

The district court did not abuse its discretion in refusing to grant the Rule 60(b) motion. After an evidentiary hearing, the court determined that Serrato had not established that the Bureau of Prisons ("BOP") had made a final decision to terminate the boot camp program before the court sentenced Serrato in September 2004. Accordingly, the court was within its discretion to conclude it had not relied on a factual error in sentencing Serrato and therefore to deny relief. We decline to find that equitable estoppel applies be-

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

1. The facts of this case are discussed in detail in our opinion, filed contemporaneously with this memorandum disposition, in the related appeal *Serrato v. Clark,* 486 F.3d 560.

cause BOP took a different position regarding the timing of the decision to terminate boot camp in the Northern District of California litigation. It is clear the district court there did not rely on BOP's representation that boot camp was terminated after Serrato's sentencing because it held against BOP on the question whether Serrato had standing. Therefore, equitable estoppel does not apply. *See Hamilton v. State Farm Fire & Cas. Co.*, 270 F.3d 778, 783 (9th Cir.2001).

We also find unpersuasive Serrato's argument the court was bound by the language of 28 U.S.C. § 2255 and was therefore required to vacate her sentence and grant full resentencing when it reduced her term of supervised release by a year. As noted *supra*, the court did not abuse its discretion in refusing to reopen Serrato's § 2255 motion. The rule announced by the Supreme Court in *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), does not apply to Serrato's collateral attack on her sentence for a conviction that became final in 2004, before *Booker* was published. *See United States v. Cruz*, 423 F.3d 1119, 1120–21 (9th Cir.2005).

**AFFIRMED.**